THOMAS Y. ENGLAND & another vs. FRED H. ADAMS.

Suffolk.   November 15, 1892. — December 3, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Contract — Unexpired Credit — Acceleration of Time of Payment.*

A vendor is not entitled to recover for goods sold upon a credit which had not expired at the date of the writ, the purchaser not having been guilty of fraud at the time of making the purchases; and the fact that the purchaser afterwards made a conveyance in fraud of his creditors would not warrant an avoidance of the contract, and without avoiding the contract the time of payment mentioned in it cannot be accelerated.

CONTRACT for goods sold and delivered, according to account annexed, by several bills, each on four months' credit.   The writ was dated October 22, 1889, at which time items from the account from No. 1 to 10, both inclusive, as amended by items Nos. 20 and 21, were more than four months old, and overdue under the terms of the sale.

| | | |
|---|---:|---:|
| Said items amounted to . . . . . . . . | | $3,064.85 |
| There were credits as follows : — | | |
| 1889, Sept.  7, By cash  . . . . . . . | $500 | |
| "    27, "   "   . . . . . . | 1,000 | 1,500.00 |
| Balance . . . . . . . . . . . . . . | | $1,564.85 |

The bills presented by items Nos. 11 to 18 inclusive of said account annexed were not due according to the four months' credit given on each.   Said items amounted to $1,965.18.

The defendant admitted his liability for the balance of $1564.85, but denied his liability for the sum of $1,965.18, on the ground that the action was prematurely brought as to the same.

At the trial in the Superior Court, before *Blodgett*, J., there was evidence tending to show that on September 27, 1889, when the defendant paid the one thousand dollars he admitted the account of the plaintiffs; that on October 4, 1889, he owed about fifteen thousand dollars to merchandise creditors; that he knew he was insolvent and that his entire assets did not

exceed ten thousand dollars; that he thereupon formed a corporation with a capital stock of ten thousand dollars, consisting of his entire assets; and that he owned the entire capital stock, which he contemporaneously transferred to another as security for debts amounting to about nine thousand dollars. It was admitted that the sale of the defendant's individual business to the corporation was for the purpose of securing creditors, and the plaintiff offered to show that on or about October 18, and on October 22, the defendant admitted the sale to the corporation; that he owed about sixteen thousand dollars for merchandise, of which the plaintiff's claim was a part; that he knew he was insolvent at the time, and that the creditors preferred as above knew it; that he intended to prefer and secure them; and that he then (October 18 and October 22) had no property with which to pay the plaintiffs.

The plaintiffs asked the judge to rule that the action for the whole balance of the account could be maintained:

" 1. Because the defendant, knowing himself insolvent, had made a fraudulent conveyance of his property to and for the benefit of parties knowing him to be insolvent, with the intent to defraud the plaintiffs, and devest himself of any property applicable to their said claim.

" 2. That by reason of said fraudulent conveyance the whole of the plaintiff's account became at once due and payable, regardless of the terms of credit on which the goods were sold.

" 3. That the defendant's conduct prior to and on September 27, 1889, in failing to pay any of said four months' bills when due, in admitting the account of the plaintiffs, stated and shown September 27, 1889, as the amount he owed said plaintiffs, and in then paying $1,000 on account thereof, — that these acts were an admission that the whole amount was then due, and a waiver that any part thereof was not due on October 22, 1889.

" 4. That the defendant's admission on October 22, 1889, before the writ was brought, that he owed about $16,000, of which the plaintiff's claim, as in suit, was a part, was a waiver of any right to claim that any part thereof was not then due."

The judge declined so to rule, and ruled that the plaintiffs could maintain their action for the bills therein, which were

due according to the original terms of sale, viz. $1,564.85, but not for the four months' bills which had not in time matured at the date of the writ, viz. $1,965.18 : and the plaintiff alleged exceptions.

*J. K. Berry*, for the plaintiffs.

*G. C. Abbott*, for the defendant.

HOLMES, J.   The plaintiffs are not entitled to recover in this action for goods sold upon a credit which had not expired at the date of the writ.   The defendant was guilty of no fraud at the time of making the purchases.   If he made a conveyance in fraud of his creditors afterwards, this would not warrant an avoidance of the contracts, and without avoiding the express contracts the time of payment mentioned in them cannot be accelerated.                                   *Exceptions overruled.*